UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:11-cv-0300-ART

*Electronically Filed*

APRIL B. HARRIS PLAINTIFF

V.

**ANSWER OF OUTDOOR VENTURE CORP.**

JAMES C. EGNEW AND
OUTDOOR VENTURE CORP. DEFENDANTS

***** ***** *****

Comes the Defendant, Outdoor Venture Corp., by and through counsel, and for its Answer to Plaintiff's Complaint, hereby states as follows:

**FIRST DEFENSE**

That the Plaintiffs' Complaint fails to state a claim or cause of action against this defendant upon which relief may be granted and therefore same must be dismissed. The Defendant hereby pleads all defenses set forth in Rule 12(b) of the Federal Rules of Civil Procedure as if fully written herein.

**SECOND DEFENSE**

1) That with regard to numerical paragraph 1 of Plaintiff's Complaint, the Defendant admits only the allegation that Defendant OVC competes with Camel Manufacturing Company in the manufacture and supply of tents and tent-related products for the Unites States government and military, and as such, Defendant OVC and Camel compete for the same government contracts. All remaining allegations contained in numerical paragraph 1 are specifically denied.

2) That this Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations set forth within numerical paragraphs 2, 5, 6, 7, 8, and 13 of the Plaintiffs' Complaint and therefore said allegations are denied.

3) That this Defendant admits the allegations contained in numerical paragraphs 3, 4, 10 and 11 of the Plaintiff's Complaint.

4) That this Defendant specifically denies the allegations contained in numerical paragraphs 15, 20, 22, 23, 25, 33, 34, 35, 36, 38, 39, 40, 41, 42, 43, 44, 46, 48, 49, 50, 51, 52, 54, 55, 56, 57, 59, 60, 61, 62, 63, 65 and 66 of the Plaintiff's Complaint.

5) That as to numerical paragraphs 28, 37, 45, 53, 58 and 64 of the Complaint, this Defendant denies those paragraphs as they reiterate previous allegations that have been denied herein.

6) That as to numerical paragraph 9 of the Complaint, this Defendant admits only that Mr. Egnew was an employee of Camel for three years beginning in 1969, and that he left Camel in 1972 due to a difference of opinion. All remaining allegations in numerical paragraph 9 are denied.

7) That as to numerical paragraph 12 of the Complaint, the Defendant admits only that Camel received a "sole-source award," upon information and belief. The Defendant is without information sufficient to admit or deny the remaining allegations in numerical paragraph 12 and therefore denies the same.

8) That as to numerical paragraph 14 of the Complaint, the Defendant admits the allegations only to the extent that the Defendant had the right to and did submit a letter protesting the "sole-source award." All remaining allegations in numerical paragraph 14 are denied.

9) That as to numerical paragraph number 16 of the Complaint, the Defendant admits only to the extent that the Bid Protest Letter included aerial surveillance photographs of Ms. Harris' property which were publicly available and obtained online via Google Earth. All remaining allegations in numerical paragraph 16 are denied.

10) That as to numerical paragraph 17 of the Complaint, the Defendant admits only to the extent that the Bid Protest Letter included photographs of Camel's parking lot and shipping containers which were taken from a public roadway. All remaining allegations in numerical paragraph 17 are denied.

11) That as to numerical paragraph 18 of the Complaint, the allegations are admitted only to the extent that the Bid Protest Letter referenced an article from *Wellington the Magazine*, which features a write-up and purported photographs of Ms. Harris' Florida vacation home. The Defendant specifically denies that the article has no relationship to Camel or its business. The Defendant lacks information sufficient to form a belief as to the truthfulness of the remaining allegations in numerical paragraph 18 and therefore denies the same.

12) That as to numerical paragraph 19 of the Complaint, the Defendant specifically denies that the flyer has no relationship to Camel or its business. All remaining allegations in numerical paragraph 19 are admitted.

13) That as to numerical paragraph 21 of the Complaint, the allegations are admitted only to the extent that the Defendant provided relevant information to the United States Army, which was included in the Bid Protest Letter, and that Mr. Egnew was not invited to Ms. Harris' daughter's wedding. The Defendant is without sufficient information to form a belief as to the truthfulness of the allegation that the wedding was a private event and attended only by invited

guests and therefore denies the same. All remaining allegations in numerical paragraph 21 are denied.

14) That as to numerical paragraphs 24, 26 and 27 of the Complaint, the Defendant denies any unlawful conduct. The Defendant is without information sufficient to form a belief as to the truthfulness of the remaining allegations in numerical paragraphs 24, 26 and 27and therefore denies the same.

15) That as to numerical paragraph 29 of the Complaint, the Defendant admits only that it obtained photographs of Ms. Harris' home online on Google Earth and submitted said photographs with the Bid Protest Letter. All remaining allegations contained in numerical paragraph 29 are denied.

16) That as to numerical paragraph 30 of the Complaint, the Defendant admits only that it submitted pertinent information regarding Ms. Harris' daughter's wedding with the Bid Protest Letter, and that Mr. Egnew did not attend said wedding. All remaining allegations contained in numerical paragraph 30 are denied.

17) That as to numerical paragraph 31 of the Complaint, the Defendant admits only that it submitted pertinent information regarding Ms. Harris' Florida vacation home. All remaining allegations in numerical paragraph 31 are denied.

18) That as to numerical paragraph 32 of the Complaint, the Defendant admits only that it submitted pertinent information regarding Ms. Harris' sponsorship of a charity event. All remaining allegations in numerical paragraph 32 are denied.

19) That as to numerical paragraph 47 of the Complaint, the Defendant states that the quote referred to therein speaks for itself and therefore the Defendant denies any allegations in

the Complaint which are inconsistent therewith.

20) That this defendant denies each and every remaining allegation set forth within the plaintiffs' Complaint which is not specifically admitted herein.

**THIRD DEFENSE**

Plaintiff has failed to mitigate her damages, if any, which are denied, and/or has failed to pursue all necessary and/or available remedies against the proper persons and/or entities.

**FOURTH DEFENSE**

Plaintiff's claims may be barred by the doctrines of release, waiver, estoppel, unclean hands, laches, accord and satisfaction, contributing negligence, set off and/or other applicable defenses set forth in CR 8 and are asserted as they may apply accordingly.

**FIFTH DEFENSE**

That Plaintiff's Complaint is barred by reason of the failure of Plaintiff and/or any persons on Plaintiff's behalf to satisfy any necessary requirements and/or all conditions precedent and/or conditions subsequent which were applicable to and required by any agreements and/or the applicable laws and statutes which pertain to the subject matter of this action and, therefore, this action must be dismissed.

**SIXTH DEFENSE**

The injuries and damages of which the Plaintiff complains, which are denied, were brought about by a prior or subsequent superseding, intervening cause or third party over which this Defendant had no responsibility, control or knowledge, and by reason thereof, the Plaintiff is barred from any recovery against this Defendant.

**SEVENTH DEFENSE**

The injuries and damages of which the Plaintiff complains, which are denied, are not actionable because any acts taken by the Defendants were absolutely or conditionally privileged.

**EIGHTH DEFENSE**

The injuries and damages of which the Plaintiff complains, which are denied, do not raise a cause of action because any actions of the Defendants were not taken with malice, recklessness, gross negligence or bad faith.

**NINTH DEFENSE**

The injuries and damages of which the Plaintiff complains do not sustain a cause of action because any information obtained by the Defendants was publicly available and Plaintiff had no expectation of privacy in any facts or information obtained or disclosed.

**TENTH DEFENSE**

That the claims and damages as alleged in the Third-Party Complaint, which are denied, are barred by the applicable statute of limitations.

**ELEVENTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed because any punitive damage award under Kentucky law, without bifurcating the trial and trying the punitive damage issues if and only if liability was found on the merits, would violate this Defendant's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

**TWELFTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed because a punitive

damage award under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate this Defendant's due process rights as guaranteed by the Constitution of the Commonwealth of Kentucky and it would violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

**THIRTEENTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed because a jury, under Kentucky law:

1. Is not provided with sufficient standards of clarity for determining the appropriateness and amount of a punitive damages award;

2. Is not adequately instructed on the limits of punitive damages imposed by the applicable principals of deterrence and punishment;

3. Is not expressly prohibited from awarding punitive damages, or determining the amount of a punitive damage award, in whole or in part, on the basis of invidious discriminatory characteristics including the residence and wealth of the Defendant;

4. Is permitted to award punitive damages under a vague and arbitrary standard that does not sufficiently define the conduct or mental state that makes punitive damages permissible; and

5. Is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of an objective standard.

For the foregoing reasons, a punitive damage award would violate this Defendant's due process and equal protection rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of the State of Kentucky.

**FOURTEENTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

**FIFTEENTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

**SIXTEENTH DEFENSE**

That the Plaintiff's claim for punitive damages is not permitted, under Kentucky law, without proof of each and every element beyond a reasonable doubt, and, as such, violates this Defendant's due process rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

**SEVENTEENTH DEFENSE**

That the Plaintiff's claim for punitive damages should be dismissed because any award of punitive damages, under the law of the Commonwealth of Kentucky, without the same protections accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate this Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections

2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

**EIGHTEENTH DEFENSE**

That the Plaintiff's provocation and conduct was the substantial factor in causing and bringing about the injuries and damages of which she complains and, but for said provocation and conduct on her part, said injuries and damages, if any there are, would not and could have occurred.

**NINETEENTH DEFENSE**

That the Plaintiff has failed to satisfy prerequisites of the claims asserted herein and is hereby barred from any recovery as a result thereof.

**TWENTIETH DEFENSE**

That the Plaintiff's actions constitute an abuse of process.

**TWENTY-FIRST DEFENSE**

That neither the Defendant, nor its agents, affiliates or employees accessed Plaintiff's or Camel's private property without authorization.

WHEREFORE, Defendant, by and through counsel, respectfully demands the following relief:

1) That the Complaint be dismissed and held for naught;

2) For a trial by jury;

3) For costs herein expended; and

4) For any and all other relief to which it may appear properly entitled.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**
333 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859)422-6000
Facsimile: (859) 422-6001
Email:gthornton@whtlaw.com
abrown@whtlaw.com

BY: *s/ Ashley K. Brown*
Gregg E. Thornton
Ashley K. Brown

And

D. Duane Cook
Attorney-at-Law
105 Thoroughbred Way
Georgetown, Kentucky
Phone: (502) 570-0022
Fax: (502) 570-0023
Email: cookdduane@bellsouth.net

*Co-counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon A. Woodall
Daniel Luke Morgan
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Ste. 1000
Lexington, KY 40507
*Counsel for Plaintiff*

By: *s/ Ashley K. Brown*
Gregg E. Thornton
Ashley K. Brown

CL4720