UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CIVIL ACTION NO. 6:11-cv-0300-ART

*Electronically Filed*

APRIL B. HARRIS PLAINTIFF

V.

**MEMORANDUM IN SUPOPRT OF MOTION TO DISMISS CLAIMS AGAINST DEFENDANT, JAMES C. EGNEW**

JAMES C. EGNEW AND
OUTDOOR VENTURE CORP. DEFENDANTS

***** ***** *****

Comes the Defendant, James C. Egnew, by and through counsel, and respectfully submits the following Brief in support of his Motion to Dismiss Plaintiff's claims against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant submits that Plaintiff's Complaint fails to state a claim against him upon which relief can be granted. The Defendant therefore requests an Order dismissing Plaintiff's claims against him with prejudice.

## INTRODUCTION

In this civil action, Plaintiff is requesting an award of actual, compensatory and punitive damages as well as attorneys' fees for acts allegedly taken by James C. Egnew within his capacity as a director and officer of Outdoor Venture Corporation. Mr. Egnew seeks dismissal of the claims against him upon review of the Complaint because they should be dismissed as a matter of law based upon Plaintiff's failure to state a claim against Mr. Egnew upon which relief can be granted.

As Plaintiff alleged in the Complaint, "Defendant James C. Egnew is chairman and

president of Defendant Outdoor Venture Corporation." (Complaint, page 3, paragraph 3). Outdoor Venture Corporation and Plaintiff's company, Camel Manufacturing Co., compete for government contracts to manufacture and supply tents and tent-related products. (Complaint, pages 4-5, paragraph 11). The Complaint alleges that on July 15, 2011, the Defense Logistics Agency awarded a contract to Camel. (Complaint, page 5, paragraph 12). "The Contract was awarded without an open bid competition." (Complaint, page 5, paragraph 13). "As it had every right to do, Defendant OVC protested the Contract to the Government Accountability Office ("GAO"). Among the materials submitted [...] in furtherance of its protest was a September 2, 2011 letter." (Complaint, pages 5-6, paragraph 14).

Plaintiff's Complaint asserts various causes of action in relation to the materials submitted with OVC's Bid Protest Letter. Plaintiff asserts that OVC submitted aerial surveillance photographs of Plaintiff Harris' private property, photographs of Camel's private property taken via unlawful access to the property, and irrelevant information regarding Plaintiff's personal life. Plaintiff claims that these allegations give rise to several causes of action, including intentional infliction of emotional distress, invasion of privacy, abuse of process, and civil conspiracy.

It should be noted that the aerial-type photographs submitted were obtained online through Google Earth, and that photographs of Camel were taken from a public roadway. The photographs of the interior of Plaintiff's home and information regarding Plaintiff's daughter's wedding were found in publications and were public information. All information submitted in the Bid Protest Letter regarding Ms. Harris was public information in which Ms. Harris had absolutely no reasonable expectation of privacy. This information was submitted to counter

Camel's claim in the bid process that the company was not doing well, and demonstrate that Camel appeared to be thriving. However, for the purpose of this Rule 12(b)(6) Motion, we will assume the allegations made in the Complaint are true, which they are not. Even if the allegations in the Complaint were factually accurate, there are no claims stated against Defendant James C. Egnew upon which relief can be granted.

## LEGAL ARGUMENT

The legal standard for granting a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well-settled. A Rule 12(b)(6) Motion to Dismiss requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999) (citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987)). The complaint must show legal entitlement to relief in order to survive a Rule 12(b)(6) motion to dismiss. Lambert v. Hartman, 517 F.3d 433, 438-39 (6th Cir. 2008). This standard is met where the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Igbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic, supra). The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." Id.

In this case, no relief can be granted to Plaintiff on the claims against Mr. Egnew personally under any set of facts that could be proved consistent with the allegations contained within the Complaint. No claim has been stated against Mr. Egnew upon which relief can be granted and Mr. Egnew respectfully requests the entry of an Order dismissing Plaintiff's claims against him, with prejudice.

**1. Owners, officers and directors of a corporation are not personally liable for actions taken on behalf of the corporation.**

Under Kentucky law, owners, operators and directors of a corporation have limited liability. It is well-settled that where the identity of the principal (OVC) is disclosed, the agent (Mr. Egnew) is not liable for his own authorized acts. White v. Winchester Land Development Corp., 584 S.W.2d 56, 60 (Ct. App. Ky. 1979). It is fundamental that an officer of a corporation will not be individually bound when acting as an agent of that corporation within the scope of his employment. Potter v. Chaney, 290 S.W.2d 44, 46 (Ky. 1956). The law generally protects an agent from liability for acts done within the scope of his agency on behalf of a disclosed principal. American Collectors Exchange v. Kentucky State Democratic Central Executive Committee, 566 S.W.2d 759 (Ky. 1978).

Plaintiff has sued Mr. Egnew for actions taken on behalf of Defendant OVC. Plaintiff alleges that "[t]his case arises from the Defendants' calculated and collective effort to cause substantial psychological and emotional distress to the owner of a business competitor for the improper purpose of eliminating competition for lucrative government procurement awards." (Complaint, pages 1-2, paragraph 1). Assuming the Complaint is factually accurate which we must do only for the purpose of this Motion, Plaintiff's claims against Mr. Egnew must fail.

First, Plaintiff admits that any alleged actions of Mr. Egnew were for the purpose of eliminating competition for OVC's business. The Complaint essentially claims that the alleged actions of Mr. Egnew, the agent, were made within the scope of his employment on behalf of OVC, the principal. Second, Plaintiff alleges that the actions of OVC and Mr. Egnew were a "collective effort" (Complaint, page 1, paragraph 1), and therefore does not attempt to allege that OVC did not authorize any alleged acts of Mr. Egnew. Only Mr. Egnew's conduct as an agent of OVC is implicated by Plaintiff's Complaint. Based solely on the Complaint, Plaintiff is alleging that Mr. Egnew should be liable for authorized actions he allegedly took within the scope of his employment on behalf of OVC. This is contrary to the long-standing principal of Kentucky law that an agent is not personally liable for authorized acts done within the scope of employment on behalf of a disclosed principal. Therefore, Plaintiff's Complaint fails to state a claim against Mr. Egnew upon which relief can be granted.

**2. Plaintiff failed to plead a basis to pierce the corporate veil.**

A theory of liability that the corporate veil should be pierced must be pled in the complaint in order to impose personal liability upon a corporate officer, director or owner. A complaint which alleges neither statutory authority to impose personal liability nor a basis for piercing the corporate veil is fatally defective. Natural Resources and Environmental Protection Cabinet v. Williams, 768 S.W.2d 47, 50-51 (Ky. 1989). In Sudamax Industria e Comercio de Cigarros, LTDA v. Buttes & Ashes, Inc. 516 F. Supp. 2d 841, 847 (W.D. Kentucky 2007), the court noted that a "theory of liability that the corporate veil should be pierced must be pled in the complaint." Id. (quoting Natural Resources, supra.) Plaintiff's Complaint makes no allegation whatsoever of a need to pierce the corporate veil or of any statutory or other authorization to

make a claim against Mr. Egnew personally for alleged actions of the corporation. Plaintiff has not alleged any basis on which to pierce the corporate veil of OVC so as to have a means by which to impose personal liability on Mr. Egnew.

Even if Plaintiff had included allegations in her Complaint to pierce the corporate veil, the Kentucky Court of Appeals warned that the corporate veil should be pierced "reluctantly and cautiously". White v Winchester Land Development Corporation, 584 SW 2d 56, 62 (Ct. App. Ky. 1979). The court went on to name five factors to consider in determining whether to pierce the corporate veil: 1) undercapitalization; 2) a failure to observe the formalities of corporate existence; 3) nonpayment or overpayment of dividends; 4) a siphoning off of funds by the dominant shareholders; and 5) the majority shareholders have guaranteed corporate liabilities in their individual capacities. Id. None of these factors exist in the circumstances of this case making it impossible for Plaintiff to pierce the corporate veil if she were to be awarded some judgment against Defendant OVC.

As Plaintiff has failed to allege the need to pierce the corporate veil or any other means by which to impose personal liability on Mr. Egnew, she has failed to state a claim against him upon which relief can be granted.

## CONCLUSION

Permitting the claims against Mr. Egnew to go forward without a sufficient basis would go against judicial economy and only serve to unnecessarily complicate this case moving forward. Plaintiff's Complaint implicates only the alleged conduct of Mr. Egnew on behalf of the corporation, and failed to allege a basis to pierce the corporate veil. As such, Plaintiff has failed to state a claim against Mr. Egnew upon which relief can be granted and therefore the

claims against him must be dismissed.

WHEREFORE, based on the foregoing, the Defendant, James C. Egnew, respectfully requests entry of an Order dismissing the claims against him, with prejudice.

Respectfully submitted,

**WARD, HOCKER & THORNTON, PLLC**
333 W. Vine Street, Suite 1100
Lexington, Kentucky 40507
Telephone: (859)422-6000
Facsimile: (859) 422-6001
Email:gthornton@whtlaw.com
abrown@whtlaw.com

BY: *s/ Ashley K. Brown*
Gregg E. Thornton
Ashley K. Brown

And

D. Duane Cook
Attorney-at-Law
105 Thoroughbred Way
Georgetown, Kentucky
Phone: (502) 570-0022
Fax: (502) 570-0023
Email: cookdduane@bellsouth.net

*Co-counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jon A. Woodall
Daniel Luke Morgan
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main Street, Ste. 1000
Lexington, KY 40507
*Counsel for Plaintiff*

By: *s/ Ashley K. Brown*
Gregg E. Thornton
Ashley K. Brown

CL4720