GAO
Accountability * Integrity * Reliability

Comptroller General
of the United States

United States Government Accountability Office
Washington, DC 20548

DOCUMENT FOR PUBLIC RELEASE
The decision issued on the date below was subject to a
GAO Protective Ord
approved for public

Defendant's
Exhibit
5

# Decision

**Matter of:** Outdoor Venture Corporation

**File:** B-405423

**Date:** October 25, 2011

Marc Lamer, Esq., Kostos & Lamer, PC, for the protester.
Jessica Abrahams, Esq., McKenna Long & Aldridge LLP, for the intervenor.
Michael P. Wilson, Esq., Defense Logistics Agency, for the agency.
Frank Maguire, Esq., and Scott H. Riback, Esq., Office of the General Counsel, GAO, participated in the preparation of the decision.

## DIGEST

Protest challenging sole-source award for tents is denied where agency sole-source justification reasonably determined that award was necessary for industrial mobilization purposes.

## DECISION

Outdoor Venture Corporation (OVC) of Sterns, Kentucky, protests the award of contract No. SPM1C1-11-C-0019 for lightweight maintenance enclosures (LMEs) by the Defense Logistics Agency (DLA), on a sole-source basis to Camel Manufacturing Company of Pioneer, Tennessee. The sole-source award was justified under 10 U.S.C. § 2304(c)(3) (2006), which provides for award of a contract to a particular source to maintain the source for a national emergency or to achieve industrial mobilization. See also Federal Acquisition Regulation (FAR) § 6.302-3. The protester asserts that it should have received an award, since it produces the required items and is in need of support to maintain its production capability.

We deny the protest.

In a 2007 study, DLA identified seven firms in the relevant industrial base for LMEs and other military tent requirements, including OVC and Camel. Agency Report (AR), exh. 3, at 1. The study found that five concerns, including Camel and OVC, were heavily dependent on DLA business, that the manufacture of tents was labor intensive and used a highly skilled workforce, and that the firms all faced challenges in retaining their respective workforces. Id. Based on this analysis, DLA began

issuing contracts to ensure a minimum sustaining rate (MSR) of production to preserve domestic capacity. AR, exh. 4.

In connection with the overall MSR production initiative, Camel was awarded a sole-source contract for another category of tents in the relevant industrial base in 2009. The justification and approval (J&A) for that contract noted that OVC was then exceeding its MSR on long-term contracts with DLA. AR, exh. 2, at 3. In June, 2011, DLA undertook an MSR production initiative for the LMEs that are the subject of this protest. AR, exh. 5. The agency noted that, due to a gap in its production, Camel Manufacturing was considering whether to terminate manufacturing operations. Id. at 4; see also AR, exh. 9. On June 17, 2011, a J&A was approved for the current acquisition. AR, exh. 1. The J&A noted that Camel had three active contracts with DLA, but was only in production on two of those contracts. Id. at 2. Production on these contracts, however, was below Camel's MSR and did not generate enough income to cover its operating expenses. Id. The J&A provides that the award is for a quantity adequate to satisfy Camel's MSR (approximately 100 units per month for 10 months) until such time as other pending competitive acquisitions are completed. Id. at 2.

The J&A also discussed other potential suppliers and distinguished their capabilities and needs. With regard to OVC, the J&A stated that it did not need to be awarded a contract because the firm was currently at its MSR on its long-term contracts with DLA. Id. at 3. Award was made to Camel on July 15 and this protest followed.

The protester asserts that it was unreasonable for the agency not to have considered OVC for this contract award. The protester principally asserts that it has less work than Camel and that, accordingly, it also should have been considered for the award of a mobilization base sole-source contract, especially in view of the fact that this is the second such sole-source contract award that recently has been made to Camel. OVC also notes that Camel has three other production contracts with DLA (noted above), and asserts that Camel had another Army contract awarded to it in June, 2011. Finally, the protester directs our attention to certain anecdotal information that it suggests are evidence of Camel being at a high rate of production, such as various Camel job advertisements in local newspapers for experienced sewing machine operators, and undated but apparently recent photographs of numerous trailers in Camel's parking lot.

Agencies have authority to conduct procurements using other than full and open competition and may properly award sole-source contracts to a particular concern for purposes of establishing or maintaining industrial mobilization base sources of supply. 10 U.S.C. § 2304(c)(3); Magnavox Elec. Sys., Co.; Ferranti Techs., Inc., B-247316.2, B-247316.3, May 28, 1992, 92-1 CPD ¶ 475 at 4. Where a military agency makes a sole-source award for purposes of maintaining a particular supplier of an item, concern for maximizing competition is secondary to the agency's industrial mobilization needs. Outdoor Venture Corp., B-279777, July 17, 1998, 98-2 CPD ¶ 27 at 2. Decisions as to which producers should be included in the mobilization base,

and which restrictions are required to meet the needs of industrial mobilization, involve complex judgments that must be left to the discretion of the military agencies. We will question those decisions only if the evidence convincingly shows that the agency has abused its discretion. Ridgeline Industries, Inc., B-402105, Jan. 7, 2010, 2010 CPD ¶ 22 at 3. OVC's protest does not meet this standard.

OVC does not challenge Camel's participation in the relevant industrial base or assert that the agency's analysis of Camel's current MSR and business condition is unreasonable or incorrect. More importantly, although OVC contends that it also would benefit from the award of a contract, it nonetheless concedes that it is producing at its MSR production capacity. As noted, the record establishes that, without additional support, Camel may cease its operations which, the agency has determined, would seriously jeopardize the industrial base for MIL-SPEC tents. The record also shows that the agency gave specific consideration to whether OVC required additional work in order to maintain its production capability and concluded that it had adequate work at this time to maintain its MSR. On this record, we conclude that the agency reasonably exercised its discretion in making award to Camel and in deciding not to make award to OVC.

The protest is denied.

Lynn H. Gibson
General Counsel